UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCAR ALFREDO PEREZ PEREZ,<br><br>Petitioner,<br>v.<br><br>ROBERT BROWN, Warden, Metropolitan Detention Center, *et al.*,<br><br>Respondents. | **MEMORANDUM & ORDER**<br>26-CV-5977 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

On the morning of August 29, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner Oscar Alfredo Perez Perez in Queens while he was waiting for a ride to work. Petitioner was ultimately transferred to the Metropolitan Detention Center in Brooklyn, where he remains detained. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Petition").[1] For the reasons that follow, his Petition is GRANTED.

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

## BACKGROUND[2]

Petitioner is a citizen of Guatemala who entered the United States without inspection or parole and has lived in New York for approximately two decades. *See* ECF No. 1 ¶ 29; ECF No. 6 at 1. During that time, Petitioner became a father; his daughter is a United States citizen, and he has maintained stable employment in painting and construction. ECF No. 1 ¶ 29. On the morning of August 29, 2026, while waiting with others for a ride to work, ICE officers approached the group and asked them for identification. Petitioner complied and, ultimately, "ICE took Petitioner into custody after determining that he was in the country unlawfully and after issuing a Notice to Appear ('NTA') and Warrant for Arrest." ECF No. 6 at 1. A few hours after arresting Petitioner, "ICE completed an initial custody determination, deciding to detain Petitioner because Petitioner had not met his burden to establish that he was not a flight risk," and detained him pursuant to 8 U.S.C. § 1226(a). *Id.* at 2.

Almost a month later, on September 25, 2026, Petitioner, through counsel, initiated the instant action by filing a petition for a writ of habeas corpus. *See generally* ECF No. 1. Among other things, Petitioner states that: (1) ICE's immigration stop and arrest on a "facially invalid warrant" violate the Immigration and Nationality Act ("INA") and its implementing regulations that "require that the arresting officer make an initial custody determination under 8 C.F.R. § 1236(c)(8) prior to detention"; (2) the government also violated the INA because it "did not satisfy both prongs" of 8 U.S.C. § 1357(a)(2) before conducting a warrantless arrest; (3) his detention violates procedural due process; (4) his detention violates substantive due process; and

[2] The Court relies on evidence submitted by the parties in outlining the facts relevant to this Order. The facts recited here are undisputed unless otherwise noted. *See O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 398 n.2 (E.D.N.Y. 2025).

(5) his "detention violates the Fourth Amendment because he was arrested without probable cause or a proper warrant." *See* ECF No. 1 ¶¶ 62–91.

Three days later, the Court issued an Order to Show Cause directing the government to show cause "why the petition should not be granted, and why Respondents should not be ordered to immediately release Petitioner from detention, in light of the Second Circuit's holding in *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026)," and directing the government to "address whether Petitioner is being detained pursuant to 8 U.S.C. § 1225 or § 1226." *See* Sept. 28, 2026, Text Order. The Court also directed the government to "show cause as to why the petition should not be granted given this Court's decision in *Quille v. Blanche*, No. 26-cv-2818, 2026 WL 1453889 (E.D.N.Y. May 22, 2026)." *Id.*

The government filed its response on October 1, 2026, in which it states, among other things, that ICE detained Petitioner pursuant to 8 U.S.C. § 1226(a), conducted an individualized custody determination required by that provision, and found that "Petitioner had not met his burden to establish that he was not a flight risk" due to "Petitioner's length of time in the United States in unlawful status." ECF No. 6 ("Response") at 2. The government also argues that "8 U.S.C. § 1226(e) limits the Court's jurisdiction to review ICE's judgment to detain a person," and although it acknowledges that "the Court may nonetheless 'assess whether and how correct procedures were applied,'" it argues that because Petitioner is "essentially questioning the *result* of ICE's custody determination," the Court "does not have authority to review the result" here. *Id.* at 3–4 (quoting *Quille*, 2026 WL 1453889, at *3; then citing *Jum-Cruz v. Venturella*, No. 26-cv-4409, 2026 WL 2254755, at *4 (E.D.N.Y. August 5, 2026)) (emphasis in original). Four days later, Petitioner filed his reply. *See* ECF No. 7 ("Reply"). There, Petitioner argues that ICE's

initial custody determination was not constitutionally adequate, and he "should also be released because his arrest was not effectuated pursuant to a valid warrant." *Id.* at 1–10.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

Particularly relevant here is the Second Circuit's recent decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). There, the Circuit held that Section 1226(a), not Section 1225(b)(2)(A), applies to noncitizens like Petitioner who were already present in the United States for several years when they were apprehended. 175 F.4th at 96. Statutory bases for detention notwithstanding, the Petition requires the Court to determine whether the government's detention of Petitioner violates his due process rights. Accordingly, the Court applies the test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (applying *Mathews* to civil immigration confinement). Under that test, the Court must balance: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and

(3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

## **DISCUSSION**

At bottom, Petitioner argues that his detention violates due process because his detention "bears no 'reasonable relation' to the government's interests in preventing flight and danger," and, in connection with his initial custody determination, "the government provided a still flimsier, and less clearly individualized initial custody determination," than those the Court has previously found to be constitutionally inadequate. ECF No. 1 ¶ 83; ECF No. 7 at 2. The government argues that because it conducted a timely individualized custody determination, its "decision to detain was not based solely on Petitioner's status," and the record establishes that it "afforded Petitioner all process that was due before detaining him," the Petition should be denied. ECF No. 6 at 1, 3–4.

The shadow of 8 U.S.C. § 1226(e) undergirds the government's argument. Although it acknowledges that the Court may "assess[] whether and how correct procedures were applied at all . . . and ultimately, whether [Petitioner]'s detention comports with due process," *Pastrana-Beltran*, 2026 WL 1398609, at *3 (citing *Zadvydas*, 533 U.S. at 687), the government asserts that "Petitioner is essentially questioning the *result* of ICE's custody determination" and, therefore, the Court "does not have authority to review the result of the custody determination," ECF No. 6 at 3–4 (citing *Jum-Cruz*, 2026 WL 2254755, at *4) (emphasis in original). The government is correct to acknowledge the Court's authority to review the propriety of Petitioner's detention, but it is incorrect that his challenge is result-based. Indeed, for the reasons set forth below, the Court

concludes that Petitioner's initial custody determination was constitutionally deficient and, therefore, concludes that his detention violates due process.[3]

In its Response, the government states that it determined Petitioner to be a flight risk because of his "length of time in the United States in unlawful status." ECF No. 6 at 2 (quoting ECF No. 6-1 ¶ 12 (Declaration of ICE Acting Supervisory Deportation and Detention Officer Roberto Rodriguez)). There are two problems with the government's purported "reason."

First, the determination based on status is no different than the determinations the court rejected in *Pastrana-Beltran*, and this Court rejected in *Quille*, *Cajamarca-Janza*, and *Chen*. In each of those cases, the court found that:

> The problem is that a per se determination of this sort—on his status alone, rather than any assessment of the factors listed on the form—comports not with 1226(a), but with Respondents' desired policy of mandatory detention under 1225(b)(2)(A) for any noncitizens who entered the U.S. without inspection however long ago. . . . [This] threatens a ping pong approach to Petitioner's liberty that is constitutionally untenable.

*Pastrana-Beltran*, 2026 WL 1398609, at *2 (citing *Inestroza Carbajal v. Frazier*, No. 26-cv-2778, 2026 WL 1309265, at *4 (E.D.N.Y. May 12, 2026)); *Quille*, 2026 WL 1453889, at *4; *Cajamarca-Janza v. Soto*, No. 26-cv-3066, 2026 WL 1506777, at *5 (E.D.N.Y. May 29, 2026); *Chen v. Mullin*, No. 26-cv-5498, 2026 WL 2949111, at *4 (E.D.N.Y. Oct. 1, 2026). Here, as in all those cases, the government's attempt to use the fact of Petitioner's status as a tool to justify his detention is incompatible with Section 1226(a)'s requirements.

Second, the government's "reason" shows up—for the first time—in the Rodriguez Declaration the government attaches to its Response; it is wholly absent from the INA § 236(a) Initial Custody Determination Form, attached as Exhibit D to the government's Response.

[3] The Court need not address Petitioner's other claims, given its conclusion that Petitioner's initial custody determination under 8 U.S.C. § 1226(a) was procedurally deficient, in violation of the Due Process Clause of the Fifth Amendment.

*Compare* ECF No. 6-1 ¶ 12 (Rodriguez Declaration indicating ICE determined Petitioner to be a flight risk "[d]ue to [his] length of time in the United States in unlawful status"), *with* ECF No. 6 at 14–16 (INA § 236(a) Form devoid of any discussion of the determination that Petitioner failed to establish that he "does not pose a flight risk"). In other words, the government relies not on the discretionary determinations of the ICE officer conducting the initial custody determination, but on its attempt to supplement the initial custody determination form, after the fact, with "a post-hoc justification for the process Petitioner received, [that] if accepted, effectively creates a no-win situation for noncitizens writ large." *Cajamarca-Janza*, 2026 WL 1506777, at *4, *4 n.8. Indeed:

> The government's failure to include accurate information on the initial custody form demonstrates that Petitioner was effectively foreclosed from an opportunity to "demonstrate to the satisfaction of the officer" that he was not a flight risk. Regardless of whether the government did not accurately record the truth, omitted the truth for the sake of achieving a pre-determined outcome, or manipulated the truth for the sake of that outcome, under any of those scenarios, Petitioner was not afforded due process.

*Id.* at *5 (quoting *Gopie v. Lyons*, No. 25-cv-5229, 2025 WL 3167130, at *2 (E.D.N.Y. Nov. 13, 2025)).[4] And, because "there is no record of Petitioner receiving the individual custody determination that Section 1226(a) requires, the Court concludes that he is being detained in violation of his rights to due process under the Fifth Amendment." *Vargas v. Maldonado*, No. 26-cv-5223, 2026 WL 2606597, at *3 (E.D.N.Y. Sept. 3, 2026).

---

[4] The Court also notes that the INA § 236(a) Form indicates that Petitioner failed to establish that he "does not pose a danger to persons or property." ECF No. 6 at 15. Similar to the flight risk section of that form, the "discussion" portion of that section is wholly devoid of any information to support that determination. *See id.* As a preliminary matter, because the government does not claim Petitioner has any criminal history, it "waived this argument by failing to raise it." *Sajous v. Decker*, No. 18-cv-2447, 2018 WL 2357266, at *12 (S.D.N.Y. May 23, 2018) (collecting cases). In any event, the dearth of any information to support the government's determination in the danger section is a violation of due process for the same reasons the Court set forth above.

Accordingly, after assessing "whether and how correct procedures were applied . . . and ultimately, whether [Petitioner]'s detention comports with due process," *Pastrana-Beltran*, 2026 WL 1398609, at *3, the Court concludes that the government's initial custody determination was inadequate, it failed to comply with Section 1226(a)'s statutory mandate, and Petitioner's detention is invalid. Because the "typical remedy" for "unlawful executive detention" is "of course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973), the government's continued detention of Petitioner entitles him to immediate release, *see, e.g.*, *Pastrana-Beltran*, 2026 WL 1398609, at *2–3 (granting habeas relief and ordering petitioner's release because the government "did not apply the test 1226(a) requires, and which the [initial custody determination] form itself instructs"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) (granting habeas relief and ordering petitioner's release "given the nature of the constitutional violation [he] sustained" by the government's failure to properly conduct an "individualized assessment before detaining him").

## CONCLUSION

For these reasons, the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is GRANTED.

The government is directed to immediately release Petitioner from custody and is further directed to certify compliance with this Order by filing a letter on the docket no later than noon on October 7, 2026. The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing by clear and convincing evidence that his detention is authorized under Section 1226(a). *See J.C.G. v. Genalo*, No. 24-cv-08755, 2025 WL 88831, at *7 (S.D.N.Y. Jan. 14, 2025) (collecting cases where courts

ordered that the government bear the burden of demonstrating by clear and convincing evidence that discretionary detention was justified).

This Order includes "an injunction barring deprivation [of any] of the [Petitioner's] rights without the requisite procedural protections." *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements" and return petitioner to "the status quo ante").

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 6, 2026